# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX JOE GONZALEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>CDCR CALIFORNIA STATE PRISON, et al.,<br><br>          Defendants. | No.  1:25-cv-01882-JLT-FRS (BAM) (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO CHANGE VENUE AND MOTION FOR APPOINTMENT OF INVESTIGATOR<br><br>(ECF No. 16) |

Plaintiff Alex Joe Gonzalez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has not yet been screened.

Currently before the Court is Plaintiff's request for a change of venue and for the assistance of a "state certified investigator," filed February 9, 2026.  (ECF No. 16.)  Plaintiff states that because the claim is against the State of California (CDCR), and his prior request for a civil protection order has already been denied, there is a conflict of interest.  Plaintiff appears to request that the case be transferred outside of the state of California because Defendants are influencing the Magistrate Judges in California and attempting to sabotage and spy on Plaintiff's case.  Plaintiff alleges that Defendants are using Via Path Technologies and Global Tel Link to communicate and make threats of violence and retaliation against his relatives and others opposed to Plaintiff's suit against CDCR.  Plaintiff states that he requires the assistance of an investigator to conduct discovery.  (*Id.*)

1

With respect to the request to change venue, as Plaintiff was previously informed, Plaintiff is alleging violations of his rights that occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  As SATF is located in the Fresno Division of the Eastern District of California, Plaintiff's action will be heard in the Fresno Division.  28 U.S.C. § 1391(b) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").  The Court does not find that any conflict of interest exists in continuing to hear this action in the Fresno Division or in the state of California, nor has Plaintiff provided a sufficient reason to change venue or suggested an alternate appropriate venue.

Plaintiff next requests appointment of an investigator pursuant to Federal Rule of Civil Procedure 26(a)(3), which governs Pretrial Disclosures.  Plaintiff is informed that Rule 26(a)(3) does not provide for the appointment of investigators to pro se or in forma pauperis litigants.  To the extent Plaintiff is requesting appointment of counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

2

almost daily by prisoners who must litigate their cases without the assistance of counsel or an outside investigator.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to change venue and motion to appoint investigator, (ECF No. 16), is DENIED; and

2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:    **February 11, 2026**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE