UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX JOE GONZALEZ, | Case No. 1:25-cv-01882-JLT-FJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ARREST |
| v. | |
| CDCR CALIFORNIA STATE PRISON, *et al.*, | (ECF No. 19) |
| Defendants. | FOURTEEN (14) DAY DEADLINE |

Plaintiff Alex Joe Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court has not yet screened the complaint.

Currently before the Court is Plaintiff's letter to the Clerk of the Court, filed as a "Motion for Arrest" on April 20, 2026. (ECF No. 19.) Although difficult to decipher, Plaintiff appears to allege that a non-party is making phone calls to the Substance Abuse Treatment Facility in Corcoran, California, where Plaintiff is currently housed, to gossip about Plaintiff to plot and plan how to murder Plaintiff. The individual claims that Plaintiff is a sex offender who is challenging the CDCR state prison system in court, through the instant action. Plaintiff states that he has personally heard by way of telecommunications that this individual is offering cash to any person, staff or inmate, who is willing and able to complete his request. Plaintiff argues that this creates a

"conflict of interest" in his civil suit, and requests that an arrest of this person be made as a safety precaution. (*Id.*)

Having reviewed the request, it appears Plaintiff is seeking a form of injunctive relief with his request for the arrest of this individual.

I.      MOTION FOR PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the Court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in arresting the individual Plaintiff identified.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use this action to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

II.    RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for arrest, (ECF No. 19), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 23, 2026**                                   
UNITED STATES MAGISTRATE JUDGE